Russell, J.
These are proceedings in the nature of certiorari under article 78 of the Civil Practice Act, and sections 179 and 375 of the Tax Law, to review a final determination of the State Tax Commission which affirmed assessments of unincorporated business taxes under article 16-A of the Tax Law against petitioner in the first proceeding for the years 1936 through 1940, *3 and for the first six months of the year 1941, and against the petitioners in the second proceeding for the last six months of the year 1941 and for the year 1942.
During the period covered by this proceeding the petitioner, Miss Hewitt, conducted a private day school known as “ Miss Hewitt’s Classes.” The enrollment of the school included boys and girls from kindergarten through the first few elementary grades, and girls alone from kindergarten through high school. The school was certified by the Department of Education of the State of New York through the sixth grade. A large majority of the girls graduated from the school and went to college.
The school consisted of three houses located on 79th Street, New York City, and the cost of the buildings, exclusive of land, was $146,000.18. All three buildings during the period of the years in question in this proceeding were owned by Miss Hewitt. In 1941, she disposed of two of them. Thereafter, the partnership rented the three buildings at an annual rental of $15,000.
The petitioner in the first proceeding claims exemption upon the ground that more than 80% of her gross income was derived from her personal services as a teacher; that the assessments of unincorporated business taxes for the years 1936, 1937, 1938 and 1939 were not made within the time prescribed by statute, and that capital was not a material income producing factor. In this proceeding the question of the timeliness of the assessments pursuant to statute should be disposed of first.
Section 386 of the Tax Law exempts from the imposition of unincorporated tax and reads in part as follows: “ * * the practice of law, medicine, dentistry, architecture which under existing law cannot be conducted under corporate structure, and any other case in which more than eighty per centum of the gross income is derived from the personal services actually rendered by the individual or the members of the partnership or other entity in the practice of any other profession, and in which capital is not a material income producing factor.”
Section 373 of the Tax Law reads in part as follows: ‘ Except as hereinafter provided in this subdivision, • the amount of tax due under any return shall be determined by the tax commission within three years after the return was made * * *.
Where there has been omitted from gross income or capital gain, as stated in a return, an amount which should have been included therein and which is in excess of twenty-five per centum 'of the amount of gross income or capital gain, as so stated, the *4 amount of tax due may be determined within five years after the return is filed.”
With respect to the timeliness of the assessments it appears that the personal income tax returns of the petitioner for the years 1936 and 1937, were filed on April 1, 1937 and March-15, 1938, respectively. The personal income tax returns for the years 1938 and 1939 were filed on March 3, 1939 arid April 11,-1940, respectively. Ho assessment of unincorporated business tax was made for any of the above-stated years until December 10, 1943. The three-year Statute of Limitations, therefore, applies. The same limitation of time would have run for the year 1940 had not the petitioner consented to an extension of time to make the assessment.
The commission does not claim that the petitioner understated her gross income by more than 25% and consequently cannot take advantage of the five-year limitation.
The position of the commission is that because section 386-h of article 16-A of the Tax Law requires, a return be made for an unincorporated business and the regulations contemplate a separate report that the Statute of Limitations does not run in favor of one who has neither reported nor claimed exemption bn the return.
For petitioner to have made a return or claimed exemption would have been inconsistent with her very contention.
On her personal income tax return was set forth her gross income and detailed expenses incident to her income. From her personal returns the commission was aware of the nature of her business. This is clearly evidenced by its letter of January 14, 1938, in which it stated that she was not subject to the tax and cancelled her assessment.
Having full knowledge of the nature and extent of her business the commission cannot reasonably take advantage of its own laches.
The assessments for the year 1940 and until June 30, 1941, when the partnership agreement was made, apply to Miss Hewitt. The assessments for the rest of the year 1941 and the year 1942 apply to the partnership. As to these years no question of the Statute of Limitations is involved, but they bring forth the question — whether more than 80% of petitioner’s gross income was derived from her personal services and was capital a material income producing factor?
The school was organized, supervised and managed by Miss Hewitt during her active years and then by the partnership *5 under the control of Mrs. Charlotte W. Comfort. Miss Hewitt was evidently a very able teacher and as the school grew in reputation it expanded into a profit making business. It required the management of a large staff of both administrative and teaching personnel. In the year 1936, which is a fair average of other years, the school received the sum of $14,203.34 from the sale of books, material and stationery, special classes in dancing and fencing, recess and mid-day lunches, which covered about 10% of the gross income.
The petitioner, Miss Hewitt, and the partnership contend that their activities in supervising the teachers and outlining the courses of instruction were necessarily such a part of their personal services actually rendered in their profession as teachers, that the work performed by the assistants should be ascribed to them.
The imparting of the assistant teachers’ knowledge cannot be attributed to the personal services of the supervisory teacher. It is the product of their individual "minds from which the students receive their instruction and acquire an understanding of the subject. The teachers’ salaries represented their remuneration for teaching for their personal services and could not be imputed to the petitioner or petitioners as income for personal services.
The salaries paid to other teachers and assistants were in excess of 20% of the gross income and varied from 37% in 1936 to 51% in 1939.
It is, therefore, apparent that the school was conducted as an unincorporated business for profit and less than 80% of petitioner’s income in the first proceeding and of petitioners’ income in the second proceeding was derived from personal services actually rendered as a teacher and teachers.
Having decided the issues of the years involved, it is unnecessary to pass upon whether or not capital was a material income producing factor. No percentages are given on this proposition and consequently the courts cannot be left to guess.
The State Tax Commission’s final determination in the first proceeding above entitled should be annulled as to the years 1936, 1937, 1938 and 1939, and the assessments cancelled and confirmed for the year 1940 and the first six months of the year 1941, with costs. The determination of the commission in the second proceeding above entitled should be confirmed, without costs.
Heffernan, Brewster and Foster, JJ., concur; Hill, P. J., dissents as to the confirmation for the years 1940,1941 and 1942 *6 upon the ground that her entire income was received from her business of teaching.
Determination of the State Tax Commission in the first proceeding above entitled annulled as to the years 1936, 1937, 1938 and 1939, and assessments cancelled and confirmed for the year 1940 and the first six months of the year 1941, with costs.
Determination of the State Tax Commission in the second proceeding above entitled confirmed, without costs.